**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**ALLMERICA FINANCIAL BENEFIT INSURANCE CO. and**
**MASSACHUSETTS BAY INSURANCE CO.,**

**Plaintiffs,**

**v.**

**EAGLE SALES COMPANY, INC.,**
**JIMMY LOWERY and SHERRY SANDERS,**
**As parents and next of kin of REED G. LOWERY,**
**Deceased, and WILLIAM BLAKE KOBECK,**

**Defendants.**

---

**COMPLAINT FOR DECLARATORY JUDGMENT**

---

COME NOW Plaintiffs, Allmerica Financial Benefit Insurance Company and Massachusetts Bay Insurance Company pursuant to the provisions of 28 U.S.C. § 2201 et. seq., and for its cause of action, says as follows:

1. Plaintiffs are foreign corporations that have issued certain insurance policies in the State of Tennessee.

2. Defendants, Jimmy Lowery and Sherry Sanders are the parents and next of kin of Reed G., Lowery, deceased. Jimmy Lowery and Sherry Sanders may be served with process through their attorney, Jeffrey S. Rosenblum at Rosenblum & Reisman PC, Triad Centre III, 6070 Poplar Avenue, Fifth Floor, Memphis TN 38119.

3. Defendant Eagle Sales Company, Inc. is a Tennessee corporation whose registered agent for service of process is William L. Kobeck, 5100 Raleigh Lagrange Road,

Memphis, Tennessee. However, Eagles Sales Company, Inc. may be served with process though its attorney, Thomas E. Hanson, 659 Freeman Street, Memphis, TN 38122.

4. Defendant William Blake Kobeck is a resident and citizen of Eads, Fayette County, Tennessee and may be served with process though his attorney, Thomas E. Hanson, 659 Freeman Street, Memphis, TN 38122.

5. This is a declaratory judgment action seeking interpretation of insurance contracts entered into between Plaintiffs and Eagle Sales Company, Inc. in the State of Tennessee.

6. This Honorable Court has jurisdiction in this matter pursuant to 28 U.S. Code § 1332 in that the Plaintiff Allmerica Financial Benefit Insurance Company is a foreign corporation incorporated in the State of Michigan with its principal place of business in the State of Massachusetts. Further, the Plaintiff Massachusetts Bay Insurance Company is a foreign corporation incorporated in the State of New Hampshire with its principal place of business in the State of Massachusetts. All Defendants are residents of the State of Tennessee. Further, an actual controversy exists between the Plaintiffs and Defendants as required by 28 U.S.C. § 2201 et. seq., and the amount in controversy exceeds $75,000.

7. Venue is appropriate pursuant to 28 USCS § 1391 because the Defendants reside in this District and the events giving rise to this Complaint for Declaratory Judgment Action occurred in this District.

8. Plaintiff, Allmerica Financial Benefit Insurance Company issued to Eagle Sales Company, Inc., a liability insurance policy, bearing Policy No. AW5 A945276 with effective dates of June 1, 2016 through June 1, 2017. A certified copy of the policy is attached as Exhibit "A" and is fully incorporated herein by reference thereto.

9. Plaintiff, Massachusetts Bay Insurance Company issued to Eagle Sales Company, Inc., a liability insurance policy, bearing Policy No. OD5 A945105 with effective dates of June 1, 2016 through June 1, 2017. A certified copy of the policy is attached as Exhibit "B" and is fully incorporated herein by reference thereto

10. On or about May 9, 2017, the decedent, Reed G. Lowery, was a passenger in a 2014 Cadillac being driven by William Blake Kobeck, which was traveling on Cherry Road near Plantation Drive in Fayette County, Tennessee, when William Blake Kobeck allegedly failed to maintain control of his vehicle and left the road, colliding with an earthen embankment and then with one or more trees. Reed G. Lowery allegedly received fatal injuries in that accident.

11. Defendants Jimmy Lowery and Sherry Sanders as parents and next of kin of Reed G. Lowery, deceased, have, through their counsel, given Plaintiffs notice of a potential claim for liability coverage in connection with the May 9, 2017, motor vehicle accident. Plaintiffs deny this policy provides any liability coverage for the May 9, 2017, motor vehicle accident and have filed this cause of action asking the Court for a declaration of the rights of the respective parties under the terms of the policy pursuant to the provisions of 28 U.S.C. § 2201, et. seq.

12. The accident on May 9, 2017 that appears to have caused the death of Reed G. Lowery occurred, upon information and belief, while William Blake Kobeck was driving a 2014 Cadillac for which certain insurance coverage might have been available to the owner and/or occupants of said vehicle, but for the terms, conditions, restrictions and exclusions contained in one or both of the insurance policies referred to herein.

13. The insurance afforded by the policy issued by Allmerica Financial Benefit Insurance Company specifically excludes, by way of an "Exclusion of Named Driver" endorsement, any application "to any 'accident' or 'loss' resulting from the operation or use of

any covered ‘auto’ by [any] individual named in the schedule of [that] endorsement.” William Blake Kobeck is named as an excluded driver in the schedule of that endorsement. Consequently, there is no coverage available under any facts or circumstances for any accident occurring while William Blake Kobeck is operating a vehicle. Furthermore, coverages for medical payments and for property damage are either inapplicable or excluded by the terms, conditions, restrictions and exclusions of the policy issued by Allmerica Financial Benefit Insurance Company, as set out herein and in the attached Exhibit “A.” Therefore, no coverage exists under the policy issued by Allmerica Financial Benefit Insurance Company for the alleged injuries of Reed G. Lowery nor for any medical payments and/or property damage that occurred on May 9, 2017.

14. Policy No. OD5 A945105 issued by Massachusetts Bay Insurance Company includes "Businessowners Coverage" and "Commercial Umbrella" coverage. The "Business Liability Coverage … does not apply to: … 'Bodily injury' or 'property damage' arising out of the … use or entrustment to others of any … 'auto' … owned or operated by or rented or loaned to any insured." As a result of this exclusion and any and all other applicable terms, conditions, restrictions and exclusions contained in the Businessowners Coverage Form, including any endorsements, no coverage exists under that portion of the policy issued by Massachusetts Bay Insurance Company for any injuries, damages or losses sustained by any person or entity as a result of the May 9, 2017 automobile accident described herein.

15. With regard to the "Commercial Liability Umbrella Coverage Form" issued by Massachusetts Bay Insurance Company there are restrictions as to who is an insured. Specifically, "with respect to liability arising out of the … use of ‘covered autos’ … anyone … while using with [the named insured's] permission a 'covered auto' [that the named insured]

own[s], hire[s] or borrow[s] is also an insured except: … your 'employee' if the 'covered auto' is owed by that 'employee' or a member of his or her household." Furthermore, the policy provides that **"additional insurance coverage provided by this insurance will not be broader than coverage provided by the 'underlying insurance'."** (emphasis added.) As such, any of the terms, conditions, restrictions and exclusions contained in the Business Auto Policy issued by Allmerica Financial Benefit Insurance Company that negate coverage in this instance, including but not limited to the “Exclusion of Named Driver” endorsement, would apply as a limitation of any coverage provided by the Commercial Liability Umbrella and coverage provided by Massachusetts Bay Insurance Company. As a result of the above exclusion and limitation on the scope of the insurance, as well as any and all other applicable terms, conditions, restrictions and exclusions contained in the Commercial Liability Umbrella Coverage Form, including any endorsements, no coverage exists under the policy issued by Massachusetts Bay Insurance Company for any injuries, damages or losses sustained by any person or entity as a result of the May 9, 2017 automobile accident described herein.

16. Neither the inclusion or exclusion of specific provisions of any applicable policy shall act as a waiver of any rights of the plaintiffs, or either of them, all rights being reserved.

17. Plaintiff Allmerica Financial Benefit Insurance Company says, without limitation, that its policy contains the following provisions and exclusions. Neither the inclusion nor the exclusion of specific provisions of any applicable policy shall act as a waiver of any rights of the Plaintiff, all rights being reserved.

# BUSINESS AUTO COVERAGE FORM

[…]

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

[…]

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit seeking damages for "bodily injury or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

**1. Who is An Insured**

The following are "insureds":

**a.** You for any covered "auto".

**b.** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

[…]

**(2)** Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

[…]

**c.** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

[…]

**B. Exclusions**

This insurance does not apply to any of the following:

[…]

**6. Care, Custody or Control**

"Property damage" to … property owned or transported by the "insured" or in the "insured's" care, custody or control.

[…]

**C. Limit of Insurance**

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" is the Limit of Insurance for Liability Coverage shown in the Declarations.

[…]

No one will be entitled to receive duplicate payments for the same elements of "loss" under this coverage Form and any Medical Payments Coverage Endorsement, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage part.

**SECTION III – PHYSICAL DAMAGE COVERAGE**

**A. Coverage**

**1.** We will pay for "loss" to a covered "auto" or its equipment under:

**a.** Comprehensive Coverage

From any cause except:

**(1)** The covered "auto's" collision with another object; or

**(2)** The covered "auto's" overturn.

[…]

**c. Collision Coverage**

Caused by:

**(1)** The covered "auto's" collision with another object; or

**(2)** The covered "auto's" overturn.

[…]

**C. Limit of Insurance**

**1.** The most we will pay for "loss" in any one "accident" is the lesser of:

a. The actual cash value of the damaged or stolen property as of the time of the "loss"; or

b. The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

**2.** An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

**3.** If a repair or replacement results in better than like kind or quality, we will not pay for the amount of betterment.

**D. Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations. Any Comprehensive Coverage deductible shown in the Declarations does not apply to "loss" caused by fire or lightning.

**SECTION IV – BUSINESS AUTO CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions:

**A. Loss Conditions**

**1. Appraisal for Physical Damage Loss**

If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of 'loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

[…]

**B. General Conditions**

**[…]**

**2. Concealment, Misrepresentation Or Fraud**

This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

a. This Coverage Form;

b. The covered "auto";

c. Your interest in the covered "auto"; or

d. A claim under this Coverage Form.

[…]

**4. No Benefit to Bailee – Physical Damage Coverages**

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

**5. Other Insurance**

**a.** For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. […]

[…]

**d.** When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the coverage Forms and policies covering on the same basis.

[…]

**SECTION V – DEFINITIONS**

[…]

**B.** "Auto" means:

**1.** A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

**2.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

[…]

**F**. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**G.** "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**COMMON POLICY CONDITIONS**

All Coverage Parts included in this policy are subject to the following conditions.

[…]

**B. Changes**

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

[…]

**AUTO MEDICAL PAYMENTS COVERAGE**

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the coverage form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable expenses incurred for necessary medical and funeral services to or for an "insured" who sustains "bodily injury caused by "accident". We will pay only those expenses incurred, for services rendered within three years from the date of the "accident".

**B. Who Is An Insured**

**1.** You while "occupying" or, while a pedestrian, when struck by any "auto".
**2.** If you are an individual, any "family member" while "occupying" or, while a pedestrian when struck by any "auto".
**3.** Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

**C. Exclusions**

This insurance does not apply to any of the following:

[…]

**3.** "Bodily injury" sustained by any "family member" while "occupying" or struck by any vehicle (other than a covered "auto") owned by or furnished or available for the regular use of any "family member".

**D. Limit of Insurance**

Regardless of the number of covered "autos", "insureds", premiums paids, claims made or vehicles involved in the "accident", the most we will pay for "bodily injury" for each of the "insured" injured in any one "accident" is the Limit of Insurance for Auto Medical Payments Coverage shown in the Declarations.

No one will be entitled to receive duplicate payments for the same element of "loss" under this coverage and any Liability Coverage Form, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

[…]

**F. Additional Definitions**

As used in this endorsement:

**1.** "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.

[…]

**EXCLUSION OF NAMED DRIVER**

This endorsement modifies insurance provided under the following:
BUSINESS AUTO COVREAGE FORM
GARAGE COVERAGE FORM
TRUCKERS COVERAGE FORM

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

ENDORSEMENT EFFECTIVE 06/01/16 AT 12:01 A.M. STANDARD TIME
NAMED INSURED EAGLE SALE COMPANY, INC. POLICY NUMBER AW5-A945276-00

In consideration of the premium charged, the insurance afforded by this policy does not apply to any "accident" or "loss" resulting from the operation or use of any covered "auto" by the individual named in the schedule of this endorsement.

**SCHEDULE**

**NAME OF INDIVIDUAL(S)**
JERMAINE HART
JAMES D. DINGE
JAMES WELDON HATFIELD
WILLIAM BLAKE KOBECK

**BUSINESS AUTO COVERAGE**
**BROADENING ENDORSEMENT**

This endorsement modifies insurance provided under the following:

**BUSINESS AUTO COVERAGE FORM**

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.
[…]

**SECTION I- COVERED AUTOS**

2. **EMPLOYEE HIRED "AUTOS"**
**Description of Covered Auto Designation Symbols; Symbol 8** is replaced by the following:
8= Hired "Autos" Only – Only those "autos" you lease, hire, rent or borrow; including "autos" your employee hires at your direction, for the purpose of conducting your business. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees" or partners or members of the households.

[…]

4. **EMPLOYEES AS INSUREDS**
The following is added to **the SECTION II – LIABILITY COVERAGE**, Paragraph 1. **Who Is An Insured** provision:
**e.** Any employee of yours is any "insured" while using a covered "auto" you do not own, hire, or borrow in your business or your personal affairs.

17. Plaintiff Massachusetts Bay Insurance Company says, without limitation, that its policy contains the following provisions and exclusions. Neither the inclusion nor the exclusion of specific provisions of any applicable policy shall act as a waiver of any rights of the Plaintiff, all rights being reserved.

**BUSINESSOWNERS COVERAGE FORM**

[…]
**SECTION II – LIABILITY**
**A. Coverages**
**1. Business Liability**
a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies.
[…]

**B. Exclusions**

**1. Applicable to Business Liability Coverage**

This insurance does not apply to:

[…]

**g. Aircraft, Auto or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaded to any insured.

[…]

**C. Who Is An Insured**

**1.** If you are designated in the Declarations as:

[…]

**d**. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

[…]

**2.** Each of the following is also an insured:

**a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insured for:

[…]

**(2)** "Property damage" to property:

**(a)** Owned, occupied or used by; or

**(b)** Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by you, any of your "employees", "volunteer workers", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

[…]

**F. Liability and Medical Expenses Definition**

[…]

**3.** "Auto" means"

**a.** A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

**b.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged

However, "auto" does not include "mobile equipment".

[…]

**6**. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

[…]

**SECTION III – COMMON POLICY CONDITIONS (APPLICABLE TO SECION I – PROPERTY AND SECTION II – LIABILTY)**

[…]

**F. Insurance Under Two or More Coverages**

[…]

**2.** Under **SECTION II – LIABILITY**, It is our stated intent that the various coverage parts, endorsements or policies issued to you by us, or any company affiliated with us, do not provide any duplication or overlap of coverage for the same claim or "suit". If this policy and any other coverage part or policy issued to you by us, or any company affiliated with us, apply to the same claim, occurrence, offense, accident or loss, the maximum Limit of insurance under all such coverage parts or policies combined shall not exceed the highest applicable Limit of Insurance under any one coverage part or policy.

This condition does not apply to any Excess or Umbrella Policy issued by us speicifcally to apply as excess insurance over this policy.

[…]

**H. Other Insurance**

[…]

**2. SECTION II – LIABILITY**

If other valid and collectible insurance is available to the insured for a loss we cover under **SECTION II – LIABLITY**, our obligations are limited as follows:

**a. Primary Insurance**

This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then we will share with all that other insurance by the method described in Paragraph **c.** below.

**b. Excess Insurance**

This insurance is excess over:

**1)** Any of the other insurance, whether primary, excess, contingent or on any other basis:

**(a)** That is Fire, Extended coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

**(b)** That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;

**(c)** That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

**(d)** If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to **Exclusion g**. **Aircraft, Auto or Watercraft** of **SECTION II – LIABILITY**; and

**2)** Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.

When this insurance is excess, we will have no duty under **SECTION II – LIABILITY** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

**c.** When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

**1)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

**2)** The total of all deductible and self-insured amounts under all that other insurance.

**d**. We will share the remaining loss, if any, with any other insurance that is not described in this provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations for this Coverage.

**e**. **Method of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first. If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of the insurance to the total applicable limits of insurance of all insurers.

**f**. When this insurance is excess, we will have no duty under Business Liability Coverage to defend any claim or "suite" that any other insurer has a duty to defend. If no other insurer defends, we will undertake to do so; but we will be entitled to the insured's rights against all those other insurers.

[…]

**COMMERCIAL UMBRELLA**
**AMENDATORY ENDORSEMENT**

[…]

Exclusion **f**. of Paragraph **2**. Exclusions of **Section I – Coverage A – Bodily Injury and Property Damage Liability** is replaced with the following:

**f. Auto Coverages**

**(1)** "Bodily injury" or "property damage" arising out of the ownership, maintenance or use of any "auto" which is not a "covered auto"; or

**(2)** Any loss, cost or expense payable under or resulting from any first party physical damage coverage; no-fault law; personal injury protection or auto medical payments coverage; or uninsured or underinsured motorist law.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any "auto" that is owned or operated by or rented or loaned to any insured.

Paragraph **5 Other Insurance of Section IV – Conditions** is replaced with the following:

**5. Other Insurance**

This policy shall apply in excess of all "underlying insurance whether or not valid and collectible. It shall also apply in excess of other valid and collectible insurance (except other insurance purchased specifically to apply in excess of this insurance) which also applies to any loss for which insurance is provided by this policy.

These excess provisions apply, whether such other insurance is stated to be:

1. Primary;
2. Contributing;
3. Excess; or
4. Contingent

**13. Maintenance of Underlying Insurance**

The "underlying insurance" listed in the schedule of "underlying insurance" in the declarations shall remain in full effect throughout the policy period except for reduction of the aggregate limit due to payment of claims, settlement, or judgments. This means:

1. The terms, conditions and endorsements of "underlying insurance" will not materially change;
2. Renewals or replacements of "underlying insurance" will not be more restrictive in coverage; and
3. "Underlying insurance" may not be canceled or non-renewed without notifying us.

Failure to maintain "underlying insurance" will not invalidate this insurance. However, this insurance will apply as if the "underlying insurance" were in full effect.

You must notify us as soon as practicable when any "underlying insurance" is no longer in effect.
[…]

**COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM**

[…]

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the

right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. At our discretion, we may investigate any "occurrence" that may involve this insurance and settle any resultant claim or "suit" for which we have the duty to defend. But:
**(1)** The amount we will pay for the "ultimate net loss" is limited as described in Section **III –** Limits of Insurance; and
**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

[…]

**2. Exclusions**

This insurance does not apply to:

[…]

**f. Auto Coverages**

**(1)** "Bodily injury" or "property damage" arising out of the ownership, maintenance or use of any "auto" which is not a "covered auto"; or

**(2)** Any loss, cost or expense payable under or resulting from any first party physical damage coverage; no-fault law; personal injury protection or auto medical payments coverage; or uninsured or underinsured motorist law.

[…]

**m. Damage To Property**

"Property damage" to:

**(1)** Property:

**(a)** You own, rent, or occupy including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property; or

**(b)** Owned or transported by the insured and arising out of the ownership, maintenance or use of a "covered auto".

[…]

**(3)** Property loaned to you;

**(4)** Personal property in the care, custody or control of the insured;

[…]

**SECTION II – WHO IS AN INSURED**

**1.** Except for liability arising out of the ownership, maintenance or use of "covered autos":

**a.** If you are designated in the Declarations as:

**[…]**

**(4)** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

[…]

**b.** Each of the following is also an insured:

(1) Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

[…]

**(b)** "Property damage" to property:

**(i)** Owned, occupied or used by,

**(ii)** Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by
You, any of your "employees", "volunteer workers", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

[…]

**2.** Only with respect to liability arising out of the ownership, maintenance or use of "covered autos":

**a.** You are an insured.

b. Anyone else while using with your permission a "covered auto" you own, hire or borrow is also an insured except:

[…]

**(2)** Your "employee" if the "covered auto" is owned by that 'employee" or a member of his or her household.

[…]

**3**. Any additional insured under any policy of "underlying insurance" will automatically be an insured under this insurance.

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the a mount of insurance required by the contract, less any amounts payable by an "underlying insurance".

Additional insured coverage provided by this insurance will not be broader than coverage provided by the "underlying insurance".

[…]

**SECTION III – LIMITS OF INSURANCE**

**1.** The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

**a**. Insureds;

**b**. Claims made, "suites" brought, or number of vehicles involved; or
**c**. Persons or organizations making claims or bringing suits.

[…]

**5. Other Insurance**

**a**. This insurance is excess over, and shall not contribute with any of the other insurance, whether primary, excess, contingent or on any other basis. This condition will not apply to insurance specifically written as excess over this Coverage Part.

When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

**b.** When this insurance is excess over other insurance, we will pay only our share of the "ultimate net loss" that exceeds the sum of:

(1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and
(2) The total of all deductible and self-insured amounts under all that other insurance.

[…]

**13. Maintenance Of/Changes To Underlying Insurance**

The "underlying insurance" listed in the Schedule of "underlying insurance" in the Declarations shall remain in full effect throughout the policy period except for reduction of the aggregate limit due to payment of claims, settlement or judgments.

Failure to maintain "underlying insurance" will not invalidate this insurance. However, this insurance will apply as if the "underlying insurance" were in full effect.

[…]

**SECTION V – DEFINITIONS**

**[…]**

**2.** "Auto" means:

**a**. A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or
**b.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment"

[…]

**5.** "Covered auto" means only those "autos" to which "underlying insurance" applies.

[…]

**19.** "Retained limit" means the available limits of "underlying insurance" scheduled in the Declarations or the "self-insured retention", whichever applies.

[…]

**24.** "Underlying insurance" means any policies of insurance listed in the Declarations under the Schedule of "underlying insurance".

**25**. "Underlying insurer" means any insurer who provides any policy of insurance listed in the Schedule of "underlying insurance".

[…]

COMMON POLICY CONDITIONS

All Coverage Parts included in this policy are subject to the following conditions.

[…]

**B. Changes**

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

18. Plaintiffs say that additional facts affecting coverage may be revealed during discovery in this cause. Plaintiffs, therefore, reserve the right to amend their Complaint to assert additional defenses to coverage under the policies referenced herein in connection with the May 9, 2017, accident.

19. Plaintiffs say that the demand for coverage under its policy has been or, upon information and belief will be made in connection with the May 9, 2017 accident and that actual justiciable issues are now in controversy between the parties and that a judgment should be rendered by this Honorable Court resolving these issues in favor of the Plaintiffs under the provisions of 28 U.S.C § 2201 et. seq. and other applicable law.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS**:

1. That proper process issue and be served on each of the Defendants, requiring each of them to answer this Complaint according to applicable law.

2. That the Court enter a declaratory judgment ordering and decreeing that insurance Policy No. AW5 A945276 issued by Allmerica Financial Benefit Insurance Company provides no liability insurance coverage or other benefits of any type including but not limited to a duty to defend, in connection with the May 9, 2017, motor vehicle accident or to the personal injuries of Reed G. Lowery and/or any property damage or other losses of Eagle Sales Company, Inc. or as may be claimed by the driver, William Blake Kobeck, or as to any other person or entity.

3. That the Court enter a declaratory judgment ordering and decreeing that insurance Policy No. OD5 A945105 issued by Massachusetts Bay Insurance Company provides no liability insurance coverage or other benefits of any type including but not limited to a duty to defend, in connection with the May 9, 2017, motor vehicle accident or to the personal injuries of Reed G. Lowery and/or any property damage or other losses of Eagle Sales Company, Inc. or as may be claimed by the driver, William Blake Kobeck, or as to any other person or entity.

4. That the Court enter a declaratory judgment specifically ordering and decreeing that Plaintiffs have no duty whatsoever to defend Eagle Sales Company, Inc., William Blake Kobeck or any other person or entity, or to indemnify Eagles Sales Company, Inc. William Blake Kobeck or any other person or entity from any possible claims or causes of action arising out of or resulting from the automobile accident of May 9, 2017

5. That the Court enter a declaratory judgment ordering and decreeing that Plaintiffs have no liability whatsoever to Jimmy Lawson and Sherry Sanders as parents and next of kin of Reed G. Lowery, deceased, to any other heirs of Reed G. Lowery or to any other person or entity in any way arising out of or resulting from the May 9, 2017, accident.

6. That the Plaintiffs be granted such other and further relief, both general and specific, as the nature of this case may require.

Respectfully submitted,

**SPICER RUDSTROM, PLLC**
Attorneys for Plaintiffs

By: s/ S. Newton Anderson
S. Newton Anderson, #9335
119 S. Main Street, Suite 700
Memphis, TN 38103
(901) 522-2305 – Phone
(901) 526-0213 - Fax

## CERTIFICATE OF SERVICE

I, S. Newton Anderson, do hereby certify that a copy of the foregoing has been served on the following attorneys via certified mail, on this 28th day of July, 2017:

Thomas E. Hansom, Esq.
Thomas E. Hansom Law Office
659 Freeman
Memphis TN 38122

Jeffrey Rosenblum
Rosenblum & Reisman, PC
Triad Centre III
6070 Poplar Avenue, Suite 550
Memphis TN 38119

s/ S. Newton Anderson
S. NEWTON ANDERSON